UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEE ANNE WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>KLISE MANUFACTURING COMPANY,<br><br>    Defendant. | Case No. 3:18-cv-00477<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

In this action brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, Plaintiff Dee Anne Walker, as Director and Secretary/Treasurer of the Board of Trustees of the United Furniture Workers Pension Plan A, seeks to recover unpaid contributions to the pension plan from Defendant Klise Manufacturing Company. (Doc. No. 1.) Klise has not yet appeared, and the Acting Clerk of Court entered default against it under Federal Rule of Civil Procedure 55(a) on October 17, 2018. (Doc. No. 14.) Walker now moves for default judgment against Klise. (Doc. No. 18.) Because the record shows that Walker has not properly served Klise in accordance with Federal Rule of Civil Procedure 4(h)(1), the Court lacks jurisdiction to enter a default judgment. The Magistrate Judge will therefore recommend that Walker's motion (Doc. No. 18) be denied and that the entry of default (Doc. No. 14) be set aside.

## I. Factual and Procedural Background[1]

On June 5, 2017, representatives of Local 415 of the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers signed a collective bargaining agreement with Klise, which then operated a factory in Grand Rapids, Michigan. (Doc. No. 1-2.) Under the terms of that agreement, Klise was obligated to make monthly contributions to the United Furniture Workers Pension Plan A (the Plan) to cover all bargaining unit employees. (Doc. Nos. 1, 1-2.) The Plan is administered in Nashville, Tennessee. From July 2017 through March 2018, Klise did not make contributions to the Plan. (*Id.*)

On May 21, 2018, Walker filed this action under 29 U.S.C. § 1132 as a fiduciary of the Plan to recover $19,213.61 in unpaid benefits plus interest, liquidated damages, and reasonable attorney's fees. (Doc. No. 1.) The next day, the Court issued a summons to Klise and set an initial case management conference for July 23, 2018. (Doc. Nos. 4, 5.) On July 12, 2018, Walker filed a motion to reset the conference, stating that her efforts to serve Klise had been unsuccessful. (Doc. No. 7.) Walker stated that, on June 6, 2018, she sent the complaint to Klise by certified mail with a request for waiver of service of the summons. (*Id.*) Walker stated that "[t]he package was signed for on June 11, 2018[,]" but Klise did not return the request for waiver of service. (*Id.* at PageID# 56.) Accordingly, Walker requested that the Court postpone the conference by forty-five days so that she could attempt to personally serve Klise. (Doc. No. 7.) The Court granted that motion. (Doc. No. 8.)

A summons for Klise was returned executed on July 25, 2018. (Doc. No. 9.) The proof of service shows that John Sprague served the summons on Marisol Olvera at Klise's address in

---

[1] These facts are drawn from Walker's complaint and supporting exhibits and are taken as true at this phase of the litigation. (Doc. Nos. 1–1-3.)

Grand Rapids on July 18, 2018, and states that Olvera "is designated by law to accept service of process on behalf of . . . Klise[.]" (*Id.* at PageID# 60.) Olvera's position at Klise is described as "office admin." (*Id.*)

On September 7, 2018, Walker filed an application for entry of default and a supporting affidavit from her counsel stating that the complaint and a summons were properly served on Klise on July 18, 2018, and that Klise's time to respond to the complaint had expired. (Doc. Nos. 11, 11-1.) On October 17, 2018, the Acting Clerk of Court entered default against Klise, finding that it had failed to appear despite having been served with a copy of the summons and complaint on July 18, 2018. (Doc. No. 14.) The Court mailed a copy of its order to Klise at 11450 3rd Ave NE, Grand Rapids, MI 49534, "c/o Mr. Gary Anderson, President[,]" but the mail was returned as undeliverable on November 5, 2018, with the notation that Klise had "moved [and] left no address[.]" (Doc. No. 15.)

On May 7, 2019, the Court ordered Walker to file a status report by May 28, 2019, regarding her efforts to prosecute her claim, noting that this case had "stalled on the Court's docket." (Doc. No. 16.) Walker timely filed the report, stating that she planned to file a motion for default judgment under Federal Rule of Civil Procedure 55(b). (Doc. No. 17.) Shortly thereafter, Walker filed a motion for default judgment under Rule 55(b)(1) (Doc. No. 18), which she supported with a memorandum of law and two affidavits relating to her claimed damages and fees (Doc. Nos. 18-1–18-3). Walker asks that the Court enter default judgment against Klise for $21,316.37 in unpaid contributions to the Plan; $3,223.96 in interest on those contributions; $4,263.27 in liquidated damages; and $2,489.23 in attorney's fees and costs. (Doc. No. 18-3.) Walker reiterates that Klise was properly served on July 18, 2018 (*id.*), and also notes that Klise "closed" on September 14, 2018 (Doc. No. 18-1, PageID# 78).

3

The District Judge referred the motion for default judgment to the Magistrate Judge for a report and recommendation, stating that it was concerned that Klise had not "been properly served." (Doc. No. 19.)

## II. Legal Standard

Rule 55(a) requires the clerk of court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Once the clerk has entered default, a party can move for default judgment under Rule 55(b). If the moving party's complaint "alleges damages for a sum certain[,]" the clerk can enter default judgment for that amount and costs under Rule 55(b)(1). *Am. Auto. Ass'n v. Dickerson*, 995 F. Supp. 2d 753, 756 (E.D. Mich. 2014). "In all other cases, the party must apply to the court for a default judgment" under Rule 55(b)(2). Fed. R. Civ. P. 55(b)(2).

However, "[d]ue process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties[,]" by default or otherwise. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *see also King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant."). Proper service under Rule 4 is therefore a necessary prerequisite to entry of default or default judgment. *O.J. Distrib., Inc.*, 340 F.3d at 353 (holding that, when service of process is not proper, "the court must set aside an entry of default"). It is Walker's burden to establish that service was proper. *See Sawyer v. Lexington-Fayette Urban Cty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). A court's failure to determine whether it has personal jurisdiction over a defendant before entering judgment by default is reversible error. *Mucerino v. Newman*, No. 3:14-cv-00028, 2017 WL 387202, at *1 (M.D. Tenn. Jan. 26, 2017).

**III.     Analysis**

Federal Rule of Civil Procedure 4(h) governs the service of corporations, partnerships, and associations. Fed. R. Civ. P. 4(h). Rule 4(h)(1) addresses corporations, like Kline, that are located within a judicial district of the United States and offers several options for achieving service when it has not been waived. Fed. R. Civ. P. 4(h)(1). Under the rule, Walker could have served Klise in accordance with the laws of Michigan (the state where service was attempted) or the laws of Tennessee (the state where the Court is located). *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Alternatively, Walker could have effected service

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). In her motion for default judgment, Walker argues, without citing any relevant law, that Klise was properly served on July 18, 2018, when the complaint and summons were served on Olvera, an office administrator. Because that does not constitute proper service under any provision of Rule 4(h)(1), the Court lacks personal jurisdiction over Klise, and Walker's motion for default judgment must be denied.

**A.     Rule 4(h)(1)(A): State-law Service**

In Michigan, Court Rule 2.105(D) governs service of domestic corporations. MCR 2.105(D). That rule requires personal service of the summons and complaint "on an officer, registered agent, director, trustee, or person in charge of an office or business establishment." *Bullington v. Corbell*, 809 N.W.2d 657, 662 (Mich. Ct. App. 2011) (citing MCR 2.105(D)(1) and (2)). "The resident agent appointed by a corporation is an agent of the corporation on which any process, notice, or demand required or permitted by law to be served upon the corporation may be served." Mich. Comp. Laws Ann. § 450.1246(1). "If service is made by serving a summons and

copy of the complaint on a director, trustee, or person in charge of an office or business establishment, the plaintiff must also send a summons and complaint 'by registered mail, addressed to the principal office of the corporation.'" *Bullington*, 809 N.W.2d at 662 (quoting MCR 2.105(D)(2)). Although Rule 2.105(D) contains other provisions for service of a corporation that has dissolved, ceased to do business, or failed to appoint or maintain a resident agent, *see* MCR 2.105(D)(3) and (4), those rules were not relevant on July 18, 2018, when Klise was still in operation and Olvera was personally served at its headquarters.

Walker has not shown that she properly served Klise under Michigan law. According to Klise's most recent annual report, which is a public record available online through Michigan's Department of Licensing and Regulatory Affairs, at the time service was attempted Gary Anderson was Klise's president, treasurer, and director and Gail Anderson was Klise's secretary.[2] The collective bargaining agreement attached to Walker's complaint shows that Allan Veen was Klise's controller. (Doc. No. 1-2.) Olvera was the office administrator, which, the Court assumes in the absence of proof otherwise, was not a corporate officer position. Nor was Olvera Klise's resident agent. Public records show that, until December 15, 2018, Veen held that title.[3] Further, Walker has offered no reason to believe that Olvera was Klise's trustee or that she was in charge of the office. Finally, even if Olvera did hold one of the positions set out by Rule 2.105(D) as

---

[2] Klise's most recent annual report is from 2017, and states that the information provided in the 2016 report is still current. *See* Mich. Dep't of Licensing & Regulatory Affairs, Klise Manufacturing Company, 2017 Annual Report, https://cofs.lara.state.mi.us/SearchApi/Search/Search (last visited January 30, 2020).

[3] *See* Mich. Dep't of Licensing & Regulatory Affairs, Klise Manufacturing Company, Resignation of Resident Agent, https://cofs.lara.state.mi.us/SearchApi/Search/Search (last visited January 30, 2020).

authorized to receive service by mail, Walker did not also mail Klise a copy of the complaint and a summons as the rule requires. MCR 2.105(D)(2). Walker did not serve Klise in accordance with Michigan law. *See O.J. Distrib., Inc.*, 340 F.3d at 355 (holding that district did not err in concluding that plaintiff had failed to comply with Rule 2.105(D) where an unknown receptionist had signed for the service package and the plaintiff "provide[d] no argument as to whether it complied with the laws of . . . Michigan . . . for effecting service of process"); *see also Mitan v. Wells Fargo Bank, N.A.*, No. 13-13598, 2013 WL 12309310, at *2 (E.D. Mich. Nov. 25, 2013) (concluding that administrative assistant served was not "an officer, resident agent, director, trustee, . . . or the person in charge of an office or business establishment" of the corporate defendant).

Rule 4(h) also offers Walker the option of serving Klise in accordance with Tennessee law. In Tennessee, service of an out-of-state corporation must be "reasonably calculated to give actual notice" and may be made:

> (a) by any form of service authorized for service within this state pursuant to Rule 4.04;
>
> (b) in any manner prescribed by the law of the state in which service is effected for an action in any of the courts of general jurisdiction in that state;
>
> (c) as directed by the court.

Tenn. R. Civ. P. 4.05(1).

Walker did not serve Klise in accordance with Michigan law and Rule 4.05(1)(b) thus does not apply. Under Rule 4.04(4), a corporation may be served

> by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4). Consistent with the purpose of Rule 4.04, which is to ensure that defendants receive adequate notice of pending judicial proceedings, the Tennessee Supreme Court

has held that, "'[g]enerally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on [her] part to receive service.'" *Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528, 531 (Tenn. 1983) (quoting *Ins. Co. of N. Am. v. S/S "Hellenic Challenger"*, 88 F.R.D. 545, 547 (S.D.N.Y. 1980)).

Walker has not shown that the service she effected meets the Tennessee standard. "The rule on serving corporations through their authorized agents 'contemplates service on agents either expressly or impliedly appointed by the defendant organization as agents to receive process.'" *Hall v. Haynes*, 319 S.W.3d 564, 574 (Tenn. 2010) (quoting 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1101 (3d ed. 2002)). "[S]pecific authority to receive and accept service of process for the defendant is required, and mere acceptance of process in a single instance does not constitute valid service." *Id.* at 575–76. Walker does not argue that Olvera was Klise's officer, managing agent, or chief agent, and, again, there is no reason to believe that to be the case. *See Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002) (concluding that plaintiff's service of corporate defendant did not comply with Tennessee law where there was "no probative proof in the record showing that [person served] was a corporate officer, managing agent, or other agent of [defendant] . . ."). Walker's proof of service states that Olvera was "designated by law to accept service of process on behalf of" Klise, but she has not identified what law gave Olvera that authority. (Doc. No. 9, PageID# 60.) As Klise's resident agent, Veen was expressly appointed to receive process on behalf of Klise, not Olvera. And without a description of Olvera's administrative duties and the extent of any supervisory obligations, the Court cannot infer that she had authority to receive service for Klise. *See id.* at 576 (holding that, because responsibilities of person served were "secretarial or clerical in nature[,]" she did not "st[an]d in such a position as to render it fair, reasonable and just to imply the authority on h[er]

8

part to receive service of process" on corporation's behalf (second and third alterations in original) (quoting *Garland*, 658 S.W.2d at 531)). Walker's service of Klise was inadequate under Tennessee law.[4]

### B. Rule 4(h)(1)(B): Other Means of Service

Nor has Walker properly served Klise consistent with Rule 4(h)(1)(B)'s other approved means. Again, the record does not show that Olvera is an "officer" of Klise. Fed. R. Civ. P. 4(h)(1)(B). And there is no evidence in the record to suggest that Olvera was Klise's "managing or general agent[.]" *Id.* Although the meaning of that term depends upon the facts of each case, it generally implies someone with "senior corporate authority[.]"[5] *Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 271 (E.D.N.Y. 2014); *see also* 4A Wright & Miller, *Federal Practice and Procedure* § 1103 (4th ed. updated Aug. 2019) (explaining that courts have found that "lower level employees or agents" do not qualify as general or managing agents). The Sixth Circuit has held that "[a] managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 624 (6th Cir. 2004). By itself,

---

[4] Tennessee law allows "for service of an out-of-state corporation by mail in certain circumstances[.]" *Pawlik v. AMC Entm't Holdings, Inc.*, No. 3:18-cv-01301, 2019 WL 1113350, at *2 (M.D. Tenn. Mar. 11, 2019) (citing Tenn. R. Civ. P. 4.04(10) and 4.05(1)(a)). However, Walker does not argue that mailing a copy of the complaint to Klise constituted adequate service. Even if she did, that argument would fail. When process is served by mail, Tennessee Rule of Civil Procedure 4.03 requires the filing of "the original summons . . . ; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and[ ] the return receipt . . . ." Tenn. R. Civ. P. 4.03(2). None of those requirements was met here.

[5] Some courts have found that "a subordinate employee may be treated as a managing or general agent if the corporation has held that person out as having that status[,]" 4A Wright & Miller, *Federal Practice and Procedure* § 1103 (4th ed. updated Aug. 2019) (collecting cases), but there is no indication that Klise did that with respect to Olvera.

Olvera's status as an office administrator is insufficient to establish her as Klise's managing or general agent. *See id.* (holding that plaintiff had failed to show that served entity was managing agent where "[t]here was no evidence in the record concerning the amount of discretion" that entity could exercise); *see also Kwan v. Schlein*, 441 F. Supp. 2d 491, 496 (S.D.N.Y. 2006) (finding that officer manager was not general or managing agent where it was not clear whether she exercised any discretion in performing her duties). Finally, Walker has not shown that Olvera is an "agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Walker does not identify the law that authorizes service on Olvera, and "[t]he mere fact that [Olvera] did not decline or refuse to accept the summons and complaint does not conclusively demonstrate that [Olvera] was [Klise's] appointed agent for service of process." *Arthur*, 249 F. Supp. 2d at 929. That is especially so given that Veen was expressly appointed for that purpose.

Because Walker has not shown that Klise was properly served, the Court is "powerless to proceed to an adjudication" and Walker's motion for a default judgment must be denied. *King*, 694 F.3d at 655 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). Further, because the absence of proper service deprives the Court of personal jurisdiction over Klise, the underlying entry of default under Rule 55(a) is also invalid. *See O.J. Distrib., Inc.*, 340 F.3d at 355 (holding that court did not need to consider whether good cause existed to set aside entry of default under Rule 55(c) where the defendant had not been properly served). The entry of default must therefore be set aside.

## IV.     Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Walker's motion for default judgment (Doc. No. 18) be DENIED and that the entry of default (Doc. No. 14) be SET ASIDE.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 4th day of February, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge